UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 15-1051-VBF (SK) | Date | April 12, 2017 |
| Title | Benjamin Lee v. CHP Officer Pirko, et al. | | |

Present: The Honorable  Steve Kim, United States Magistrate Judge

| Marc Krause | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **SECOND ORDER TO SHOW CAUSE**

   Plaintiff was previously ordered to explain and show cause why his First Amended Complaint (FAC) in this 42 U.S.C. § 1983 action should not be dismissed because it alleges claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF Nos. 35, 64). He was also given multiple opportunities to cure this fatal deficiency by filing a Second Amended Complaint (SAC) alleging only claims not foreclosed by *Heck*. (ECF Nos. 64, 68). Instead of amending his complaint to survive *Heck*, however, Plaintiff filed a parallel federal habeas petition (5:17-cv-233-VBF-SK) challenging his underlying state conviction and now seeks, essentially, to stay this § 1983 action pending the outcome of the parallel habeas proceeding. (ECF Nos. 65, 67, 69). But "a § 1983 claim that implicates issues in habeas corpus does not accrue until the prisoner obtains a writ of habeas corpus or similar relief." *Clayton-El v. Fisher*, 96 F.3d 236, 244 n.4 (7th Cir. 1996) (citing *Heck*, 512 U.S. at 486–87). "[D]ismissal and not a stay would be the proper disposition for a § 1983 claim that was brought prematurely." *Id*. A "claim is either cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Edwards v. Balisok*, 520 U.S. 641, 649 (1997).

   **THEREFORE, Plaintiff is ORDERED TO SHOW CAUSE by no later than April 28, 2017**, why this action should not be dismissed since it is barred by *Heck* and not cognizable under § 1983 until and unless habeas relief is first obtained. Plaintiff may discharge this Order to Show Cause in one of two ways: he may either (1) file a SAC that complies with the Court's prior orders and alleges only claims not barred by *Heck*; or (2) voluntarily dismiss this action without prejudice to re-filing a new § 1983 complaint if and when he is successful in overturning his underlying state conviction. The statute of limitations for a new § 1983 claim would not begin to run until the underlying conviction is invalidated by habeas relief. *See Heck*, 512 U.S. at 489–90. **Any other response, or a failure to respond, to this Order to Show Cause shall result in a recommendation that this action be dismissed for failure to state a claim, disobeying court orders, and/or lack of prosecution.** *See* Fed. R. Civ. P. 12(b)(6), 41(b); Local Rule 41-1. The Clerk is directed to provide Plaintiff with a Notice of Voluntary Dismissal form (CV-009).